## Case No. 1,708.

### BOUTWELL v. ALLDERDICE.

[2 Hughes, 121.][1]

Circuit Court, E. D. Virginia. May, 1876.

FEDERAL COURTS—DISTRICT COURT—JURISDICTION IN BANKRUPTCY.

The United States court, as a court of bankruptcy, being always open and having no separate terms, may examine any order or decree which may have been given in a pending cause, and set aside and vacate it upon a proper showing; provided, rights have not become vested which would be disturbed by so doing.

[Petition to review an order of the district court of the United States for the eastern district of Virginia.]

Petition for review. The former assignee in bankruptcy, [William H.] Allderdice, had been required to settle his accounts, and these were referred to Atkins, special commissioner, for defendant. The report was returned on the 10th May, 1875, showing a considerable balance due from the assignee, who excepted to parts of the report. About the middle of August following Allderdice absconded, and another assignee was soon afterwards appointed. On the petition of this substituted assignee an order was granted on the 23d of August, 1875, before a final hearing of the exceptions to the commissioner's report, and for the purpose of giving the substituted assignee the benefit of a judgment and execution lien upon the real and personal estate of Allderdice, overruling his exceptions to the commissioner's report, confirming the report, and directing execution to issue forthwith for the amount shown by the report to be due. Thus matters stood until March 6th, 1876, when counsel for Allderdice asked for a recommittal of the commissioner's report for the purpose of modification, and an order was granted, so far

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

modifying that of August, 1875, as to allow a revisal of the former assignee's accounts by the commissioner. Thereupon, the substituted assignee petitioned the circuit court for a review. [Dismissed.]

WAITE, Circuit Justice. The order of March 6th, 1876, which we are asked to review, does not in any respect modify or suspend that of August 23d. That remains in full force. The district judge has, in his discretion, seen fit to entertain a motion for a re-examination of the accounts of Allderdice, and has sent them to a master with new instructions. This he had the right to do. "A proceeding in bankruptcy from its commencement to its close is but one suit. The district court for all the purposes of its bankruptcy jurisdiction is always open. It has no separate terms. Its proceedings in any pending suit are therefore at all times open for re-examination upon application therefor in an appropriate form. Any order made in the progress of the cause may be subsequently set aside and vacated upon proper showing made, provided rights have not become vested under it which will be disturbed by its vacation." Sandusky v. First Nat. Bank of Indianapolis [23 Wall. (90 U. S.) 289]. Any proceeding which may have been instituted for the collection of the amount adjudged due by the order of August 23d, is not affected by the order of March 6th. If a lien has been acquired in that proceeding it still continues, notwithstanding what has as yet been done by the district court, and if upon further examination of the accounts it shall appear that the order of August 23d should be modified, it may be done in a manner not to destroy the security to the extent that it may be properly enforced. The petition for review is therefore dismissed.